#25 (12/19 HRG OFF)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6746 PSG (AFMx) | Date | December 8, 2016 |
|---|---|---|---|
| Title | Britani Edmond v. Kindred Healthcare Operating Inc. *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Motion to Remand

Before the Court is Plaintiff Britani Edmond's motion to remand this action to state court. Dkt. # 25. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court GRANTS Plaintiff's motion to remand.

I.  Background

Plaintiff Britani Edmond, a California citizen, worked as a licensed vocational nurse at Kindred Hospital-South Bay from June 12, 2012 to March 25, 2015. *See First Amended Complaint* ("*FAC*"), Dkt. # 18, ¶¶ 1, 11. In this suit against her former employer, Plaintiff alleges that she was wrongfully terminated while on a protected leave of absence due to her pregnancy. *See generally id.*

Plaintiff filed this case in Los Angeles County Superior Court on June 20, 2016. Dkt. # 1, Ex. 1. She alleged seven state-law causes of action under California Government Code sections 1940 and 1945. *See generally id.* The original Complaint named only two Defendants: Kindred Healthcare Operating, Inc. ("KHOI") and KND Development 53 LLC ("KND"). *See generally id.* Defendant KHOI is incorporated in Delaware and has its principal place of business in Kentucky; thus, KHOI is a citizen of Delaware and Kentucky. *Motion to Remand* ("*Mot.*"), 2:7-10. As a limited liability company, Defendant KND's citizenship is the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Because KND's sole member is KHOI, KND too is a citizen of Delaware and Kentucky. *See Defendant's Opposition to Motion to Remand* ("*Opp.*"), Dkt. # 36, 2 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6746 PSG (AFMx) | Date | December 8, 2016 |
|---|---|---|---|
| Title | Britani Edmond v. Kindred Healthcare Operating Inc. *et al.* | | |

  Defendants KHOI and KND removed this case to federal court on September 8, 2016, on grounds of diversity jurisdiction. *See* Dkt. # 1. On September 28, 2016, Plaintiff amended the Complaint. *See* Dkt. # 18. The FAC includes the same seven causes of action in the original Complaint, plus an eighth cause of action for violations of the California Family Rights Act against KND and KHOI, and a ninth cause of action for intentional infliction of emotional distress ("IIED") against KHOI, KND, and a new defendant, Salvador Omar Santos. *See id.* ¶¶ 102-24.

  Plaintiff alleges that Defendant Santos is the Director of Human Resources at Kindred Hospital and a California citizen. *Id.* ¶¶ 4, 114-20. She also asserts that she could not add Santos to the original Complaint because she did not know Santos's whereabouts and could not be sure that the state court had personal jurisdiction over Santos. Plaintiff believed that Kindred Hospital had moved its HR Department out of state, and that Defendant Santos might have moved out of state along with the Department. *Reply* 4:11-23. Plaintiff asserts that she ultimately hired a private investigator to identify Santos's whereabouts. *Id.*; *see also Rau Decl. in Support of the Reply*, ¶ 5.

  Plaintiff now moves to remand the action to state court because the Court lacks subject matter jurisdiction over the FAC. Dkt. # 25. Defendant opposes the motion. Dkt. # 36.

II.  <u>Legal Standard</u>

  Federal courts are courts of limited jurisdiction. *See Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment is appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a strong presumption against removal jurisdiction, so the party seeking removal always has the burden of establishing that removal is proper. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)).

III.  <u>Discussion</u>

  Under 28 U.S.C. § 1332, for the Court to properly have subject matter jurisdiction based on diversity, all plaintiffs must be from different states than all defendants, and the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6746 PSG (AFMx) | Date | December 8, 2016 |
|---|---|---|---|
| Title | Britani Edmond v. Kindred Healthcare Operating Inc. *et al.* | | |

controversy must exceed $75,000. *See* 28 U.S.C. § 1332. A precondition for diversity jurisdiction is that "each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Although the parties concede that the inclusion of Defendant Santos in the FAC destroys diversity jurisdiction, the parties argue over whether Plaintiff should be permitted to amend the Complaint to add Defendant Santos. They dispute which law governs "diversity-destroying amendments" that occur within 21 days of a responsive filing. *See Mot.* 5:13-21; *Opp.* 4:3-13.

Plaintiff urges the Court to apply Federal Rule of Civil Procedure 15. Under Rule 15(a), Plaintiff has an "absolute right to amend [the] complaint once [within the time period prescribed by Rule 15(a)] and need not seek leave of court to do so." *See Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010). Defendants urge the Court to apply 28 U.S.C. § 1447(e), which grants the Court discretion to reject amendments that join non-diverse defendants after removal. *See Opp.* 4:3-13; *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) ("The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder."). Title 28 U.S.C. § 1447 provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

Courts in this Circuit are split on what standard governs the Court's decision whether to permit joinder of a non-diverse defendant in the time period covered by Rule 15. *See, e.g.*, *Lopez v. PLS Fin. Servs.*, CV 11-3730 DDP (JEMx), 2011 WL 3205355, at *1 (C.D. Cal. July 26, 2011) (recognizing split in authority); *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 657 (S.D. Cal. 2000) (same). *Compare Matthews Metals Prods., Inc. v. RBM Precision Metal Prods., Inc.*, 186 F.R.D. 581, 583 (N.D. Cal. 1999) (permitting joinder of non-diverse defendant under Rule 15(a)), *with Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087-88 (C.D. Cal. 1999) (applying section 1447(e)). The Ninth Circuit has not resolved the split in authorities. Nonetheless, the Court need not resolve the conflict because it holds that, under either standard, joinder of Defendant Santos is proper.

Under Rule 15(a)(1)(B), a party may amend its pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . ." Fed. R. Civ. P. 15(a)(1)(B). Defendants KHOI and KND filed an Answer to the Complaint on September 7, 2016. *See* Dkt. # 1, Ex. 4. Plaintiff filed the FAC on September 28, 2016. Dkt. # 18. Plaintiff filed the amended FAC within the 21-day amendment window allowed by Rule 15. *See* Fed. R. Civ. P. 6. Thus, assuming Rule 15 governs, remand is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6746 PSG (AFMx) | Date | December 8, 2016 |
|---|---|---|---|
| Title | Britani Edmond v. Kindred Healthcare Operating Inc. *et al.* | | |

mandatory due to the addition of Santos, a non-diverse party. *See Yniques v. Cabral*, 985 F.2d 1031, 1034 (9th Cir. 1993).

Even under the discretionary standard of § 1447(e), the Court finds remand proper. Section 1447(e) requires the Court to assess five different factors to determine whether joinder should be permitted. *See IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). The factors are: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid. *See Calderon v. Lowe's Home Ctrs., LLC*, CV 15-1140 ODW (AGRx), 2015 WL 3889289, at *3 (C.D. Cal. June 24, 2015) (citing *Palestini*, 193 F.R.D. at 658). Remand is mandatory if the district court allows the joinder of a non-diverse party under § 1447(e). *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

Here, the various § 1447(e) factors work both for, and against, granting Plaintiff's motion. Factors urging the Court to decline Santos's joinder include: (1) Santos would not be an indispensable party under Rule 19(a) because the Court could likely accord complete relief among the existing parties under the doctrine of *respondeat superior*; (2) it appears that the statute of limitations would not bar Plaintiff from bringing her IIED claim against Santos in state court because Santos's conduct allegedly occurred in early 2015; and (3) the Court would lose jurisdiction to hear the case were it to grant the motion.

On the other hand, many more factors work in favor of permitting the joinder of the non-diverse party. These factors include: (1) there has not been unexplained delay in bringing the motion because Plaintiff amended the FAC within the time allowed by Rule 15(a); (2) the Court cannot definitively say that Plaintiff amended the FAC for the sole purpose of defeating diversity jurisdiction, especially where Plaintiff asserts that she hired a private investigator to determine Santos's whereabouts, *see Reply* 4:11-28; (3) on its face, the IIED claim seems valid given that courts have allowed claims to proceed on similar facts, *see, e.g.*, *Dagley v. Target Corp. Inc.*, CV 9-1330 VBF (AGRx), 2009 WL 910558, at *4 (C.D. Cal. Mar. 31, 2009) (finding that denial of medical leave to a 63 year-old plaintiff could be grounds for an IIED claim); *Gibson v. Am. Airlines*, No. C 96-1444 FMS, 1996 WL 329632, at *4 (N.D. Cal. June 6, 1996) (finding that an employer's inaccurate recording of time-off could be ground for IIED), and Defendants own admission, in the Opposition, that the IIED claim "might" survive a motion to dismiss, *see Opp.* 13:7-10; and (4) the parties will not be prejudiced by having the case heard in state court, given

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6746 PSG (AFMx) | Date | December 8, 2016 |
|---|---|---|---|
| Title | Britani Edmond v. Kindred Healthcare Operating Inc. *et al.* | | |

the timeliness of Plaintiff's amendment to the Complaint and the absence of pending filings before the Court.  Moreover, the closeness in the relationship between KHOI, KND, and Santos supports trying the claims together.  Santos is alleged to be KHOI's HR Director and the person responsible for making the decisions related to Plaintiff's leave and termination.

In sum, because most of the factors in the § 1447(e) analysis urge the Court to accept the FAC, the Court exercises its discretion to allow Plaintiff to join Santos.  Because Santos's joinder destroys the diversity of the parties, the Court no longer has subject matter jurisdiction over the FAC and must therefore remand this action to state court.  Thus, even under a discretionary § 1447(e) analysis, remand is proper here.

IV.     Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand.  Accordingly, this case is remanded to the state court from whence it was removed.

**IT IS SO ORDERED.**